UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUAN CARLOS BOHORQUEZ-VALENCIA,

        Petitioner,

v.                                       Case No. 3:25-cv-1383-MMH-LLL

GARRETT RIPA, et al.,

        Respondents.
_____

## ORDER TO SHOW CAUSE

Petitioner, through counsel, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner challenges his detention at the Baker County Correctional Institute by U.S. Immigration and Customs Enforcement (ICE) and requests immediate release. The website for ICE, however, reflects that Petitioner may no longer be incarcerated.[1]

"As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody. . . Ultimately, the burden remains on the petitioner to establish that his case still presents a live 'case or controversy' by demonstrating that a collateral consequence of his imprisonment persists after

---

[1] See ICE Online Detainee Locater System, available at https://locator.ice.gov/odls/#/search (last visited Jan. 26, 2026).

his release." Djadju v. Vega, 32 F.4th 1102, 1106–07 (11th Cir. 2022) (internal quotations and citations omitted).

Accordingly, it is

**ORDERED:**

By **February 25, 2026**, Petitioner shall **SHOW CAUSE** why this case should not be dismissed as moot. If he intends to continue the prosecution of this action, he must file a memorandum of law explaining why this action is not moot given his release from custody. If he no longer wishes to prosecute this action or if this action is now moot, he may file a notice of voluntary dismissal.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of January, 2026.

_____
MARCIA MORALES HOWARD
United States District Judge

Jax-9 1/26
c:
Counsel of Record