UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUAN CARLOS BOHORQUEZ-VALENCIA,

      Petitioner,

v.                                Case No. 3:25-cv-1383-MMH-LLL

GARRETT RIPA, et al.,

      Respondents.

---

## ORDER

### I. Status

Petitioner Juan Carlos Bohorquez-Valencia, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition) on November 13, 2025. Respondents filed a Response to Petition for Writ of Habeas Corpus (Doc. 8; Response) with exhibits (Docs. 8-1 through 8-2). Bohorquez-Valencia filed a counseled Reply (Doc. 9; Reply). This case is ripe for review.

### II. Bohorquez-Valencia's Petition

Bohorquez-Valencia, a citizen of Columbia, "entered the United States lawfully in 2019 and has remained continuously present." Petition at 11. According to Bohorquez-Valencia, he has no criminal convictions or history of violence. Id. On June 19, 2025, local police in Miami-Dade County responded

to a domestic-related call initiated by Bohorquez-Valencia's spouse. Id. Bohorquez-Valencia asserts that the local police did not arrest him, and his spouse later withdrew her complaint. Id. Following that incident, agents of the United States Immigration and Customs Enforcement (ICE) Miami Fugitive Operations conducted surveillance at Bohorquez-Valencia's residence, confirmed his identity, and detained him. Id.

On July 4, 2025, the Department of Homeland Security (DHS) served Bohorquez-Valencia with a Notice to Appear under 8 U.S.C. § 1227(a)(1)(B) for overstaying a nonimmigrant visa and issued a Form I-286, Notice of Custody Determination, identifying detention under 8 U.S.C. § 1226(a). Id.; see also Doc. 1-2. On July 30, 2025, Bohorquez-Valencia filed a Motion for Bond. Petition at 12; see also Doc. 1-3. On August 4, 2025, the Immigration Judge (IJ) denied bond, "finding only risk of flight and relying on a Form I-213 that referenced an unverified 'KST Code 3' match." Petition at 12; see also Doc. 1-5. Bohorquez-Valencia filed a bond appeal, which is pending. Petition at 12; see also Doc. 1-8.

Based on the above, Bohorquez-Valencia raises three claims for relief. Petition at 13–16. In Count One, Bohorquez-Valencia alleges improper detention under 8 U.S.C. § 1225(b). Id. at 13. He argues that if Respondents

2

assert that they detained him pursuant to § 1225(b), that classification is incorrect because he is subject to § 1226(a).[1] Id. As Count Two, Bohorquez-Valencia alleges a procedural due process violation. Id. at 14. He asserts that the bond proceeding violated due process because the IJ relied on untested and unreliable evidence, denied him the opportunity to contest the allegations against him, and failed to make individualized findings or consider less restrictive alternatives. Id. In Count Three, Bohorquez-Valencia raises a substantive due process violation, arguing that his civil detention has become excessive and punitive in relation to its purpose. Id. at 15. As relief, he requests, inter alia, immediate release. Id. at 16

### III. Exhaustion

Respondents ask the Court to dismiss Bohorquez-Valencia's Petition because he has not exhausted his administrative remedies.[2] Response at 5–7. Therefore, the Court turns first to the question of exhaustion.

---

[1] Respondents do not argue that Bohorquez-Valencia is detained pursuant to § 1225(b). See generally Response. Therefore, the Court does not address this argument.

[2] Respondents initially argue that the Court does not have jurisdiction to consider a challenge to Bohorquez-Valencia's continued detention because his removal period has not begun. See Response at 4 (citing Zadvydas v. Davis, 533 U.S. 678 (2001)). The Court finds Respondents' argument irrelevant as the Petition does not raise a Zadvydas claim, nor could it reasonably be construed as raising one. See generally Petition.

3

A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). Exhaustion, however, is not a jurisdictional requirement. Id. at 474–75. In other words, a court need not inquire into exhaustion on its own and a court has the discretion to accept or reject a concession from the respondent that administrative remedies have been exhausted. Id. at 475. Indeed, exhaustion in the § 2241 context can be excused. See, e.g., Hinojosa v. Horn, 896 F.3d 305, 314 (5th Cir. 2018) (per curiam) (in § 2241 appeal, explaining that "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action" (internal quotation marks and alteration omitted)).

Here, Bohorquez-Valencia appealed the IJ's order denying bond to the Board of Immigration Appeals (BIA). See Doc. 1-8. That appeal is pending. See Petition at 12. Thus, Bohorquez-Valencia has not yet exhausted his

---

Respondents also appear to read the Petition as raising a conditions of confinement claim in Count Three. See Response at 7–15. The Court, again, disagrees, and construes Counts Two and Three as raising due process claims related to Bohorquez-Valencia's bond hearing. See Petition at 14–16.

administrative remedies, and it is premature for the Court to reach the constitutional questions presented in the Petition. See Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (finding a § 2241 petitioner should have exhausted his administrative remedies by appealing an adverse bond determination to the BIA before asking the federal court to review the IJ's bond decision); Bogle v. DuBois, 236 F. Supp. 3d 820, 823 (S.D.N.Y. 2017)[3] (dismissing § 2241 petition that raised due process violation in connection with a bond hearing for petitioner's failure to exhaust the issue by appealing to the BIA); Cepeda v. Shanahan, No. 15 CIV. 09446 (AT), 2016 WL 3144394, at *2 (S.D.N.Y. Apr. 22, 2016) ("[I]t is premature to reach this constitutional question [whether a bond determination violated due process]. [Petitioner] has appealed the IJ's decision to the BIA, and thus has not yet exhausted his administrative remedies."); but see Lopez v. Barr, 458 F. Supp. 3d 171, 176 (W.D.N.Y 2020) (declining to require exhaustion before petitioner could argue his bond hearing violated due process).

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Given his failure to complete exhaustion, Bohorquez-Valencia argues that pursing his administrative remedy—appeal to the BIA—would be futile because "[a]n administrative appeal cannot cure a bond proceeding that never satisfied minimum due process requirements." Reply at 6. Although the BIA may not have jurisdiction to adjudicate constitutional issues, it can review and reverse the IJ's bond determination. See 8 C.F.R. §§ 1003.19(f), 1003.38, 1236.1(d)(3). Indeed, the BIA might find that the evidence proffered—or lack thereof—at Bohorquez-Valencia's bond hearing did not sufficiently establish he is a flight risk, rendering disposition of his constitutional claims unnecessary.

Moreover, this case is distinguishable from those cases in which this Court has found it unnecessary for petitioners to exhaust claims that they were improperly classified as "arriving aliens" under 8 U.S.C. § 1225(b)(2) and denied bond hearings. See, e.g., Gutierrez Ortiz v. Noem, No. 3:25-CV-1386-MMH-MCR, 2025 WL 3653217, at *3 (M.D. Fla. Dec. 17, 2025). In those cases, BIA precedent—binding on IJs—foreclosed the possibility of any relief for

6

those petitioners. That is not the case here. Therefore, the Petition is due to be dismissed without prejudice for failure to exhaust. [4]

Accordingly, it is **ORDERED**:

1.    Bohorquez-Valencia's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**.

2.    The **Clerk** is directed to terminate any motions, enter judgment dismissing the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of March, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 3/6
c:
Counsel of Record

---

[4] Assuming Bohorquez-Valencia exhausted his administrative remedies, a merits determination is complicated by the seemingly incomplete record before the Court. While Bohorquez-Valencia attaches his Motion for Bond (Doc. 1-3) and the IJ's Order Denying Bond (Doc. 1-5), he does not provide a transcript of the bond hearing or DHS's response to his Motion for Bond, if any.

7